

**ORDERED in the Southern District of Florida on June 25, 2013.**

**Robert A. Mark, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

In re:                                    )
                                          )
                                          )      Case No. 11-14639-BKC-RAM
ROLANDO JORGE MUHLIG and                  )
LUZ STELLA MUHLIG,                        )
                                          )
                                          )      Chapter 7
         Debtors.                         )
                                          )

**MEMORANDUM OPINION AND ORDER (1) DEEMING**
**STATE COURT JUDGMENT VOID AND (2) GRANTING FURTHER RELIEF**

The debtor in this Chapter 7 case failed to schedule a potentially valuable prepetition

wrongful death lawsuit against several major tobacco companies.  The defendants obtained a

final summary judgment dismissing the complaint for lack of standing by arguing that the claim

belonged to the bankruptcy estate.  The contested matters before the Court raise the following

question: Was the state court judgment dismissing the complaint obtained in violation of the

automatic stay?  The Court answers the question yes because the judgment was obtained without

notice to the Chapter 7 trustee and the defendants seek to enforce the judgment against the trustee

to extinguish the claim.

As detailed below, the Court initially denied the trustee's motion to hold the defendants in contempt for violating the automatic stay, concluding, in error, that the automatic stay terminated when this bankruptcy case was closed.  Upon review of the trustee's pending motion for reconsideration, the Court concludes that the automatic stay remained in effect after the case was closed, that the state court claim is property of the estate which was never abandoned by the trustee, and that seeking entry of a judgment dismissing the state court claim without notice to the trustee was an act to exercise control over property of the estate in violation of 11 U.S.C. § 362(a)(3).  As such, the judgment dismissing the claim is void and the trustee should be given the opportunity to substitute in as the proper plaintiff in the state court lawsuit and to pursue the claim on behalf of the creditors of this estate.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    *The Wrongful Death Action is Filed Before the Bankruptcy Case*

The story begins on December 28, 2007, prior to the commencement of the bankruptcy case, when Rolando Jorge Muhlig ("Mr. Muhlig" or the "Debtor") filed a complaint [Exhibit A to DE #39] (the "State Court Complaint") against several large tobacco companies in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 07-46352 CA (27) (the "Wrongful Death Action").[1]  In the State Court Complaint, Mr. Muhlig alleges that his mother, Rosa Armenteros, died from lung cancer that she developed from years of smoking the Defendant Tobacco Companies' cigarettes.  Mr. Muhlig is his mother's sole surviving child and

---

[1] The primary defendants in the Wrongful Death Action are R.J. Reynolds Tobacco Company, Philip Morris USA Inc., Lorillard Tobacco Company, Liggett Group LLC, and Vector Group Ltd. (collectively, the "Defendant Tobacco Companies").

was appointed as the personal representative of her estate after her death.  As set forth in the

State Court Complaint, Mr. Muhlig sought recovery under the Florida Wrongful Death Act in his

personal capacity (the "Personal Claims") and in his capacity as the representative of his

mother's estate (the "Probate Estate Claims").[2]

### B.    Initial Bankruptcy Proceedings

On February 23, 2011, Mr.  Muhlig and his wife, Luz Stella Muhlig, (together, the

"Debtors") commenced this bankruptcy case by filing a voluntary Chapter 7 petition for relief.

Joel L. Tabas was duly appointed as the Chapter 7 trustee (the "Trustee").  The Debtors failed to

disclose the Wrongful Death Action on their schedules and statement of financial affairs.

On April 13, 2011, the Trustee conducted a meeting of the Debtors' creditors pursuant to

section 341 of the Bankruptcy Code, following which the Trustee filed the Chapter 7 Trustee's

Report of No Distribution [DE #13], reflecting the Trustee's determination that no assets were

available for distribution to the Debtors' creditors from the estate.  The Court entered its Order

Discharging Debtor(s) [DE #18] on June 1, 2011 and the Final Decree [DE #20] discharging the

Trustee and closing the Debtors' bankruptcy case on June 6, 2011.  In sum, for all appearances,

this case was a short and simple no-asset Chapter 7 case.

### C.    The Tobacco Companies Obtain a Judgment Dismissing the Wrongful Death Action

On October 6, 2011, approximately five months after the bankruptcy case was closed, the

Defendant Tobacco Companies filed the Defendants' Motion for Summary Judgment Based on

---

[2] In this Opinion, when the Court refers to Mr. Muhlig's lack of standing to prosecute claims in the Wrongful Death Action and when the Court refers to claims that are property of this bankruptcy estate, it is referring to the Personal Claims, not the Probate Estate Claims.  However, as described below, the Defendant Tobacco Companies obtained a judgment finding that Mr. Muhlig lacked standing to pursue any of the claims in the Wrongful Death Action.

Lack of Standing and Judicial Estoppel [Exhibit B to DE #39] (the "State Court Summary Judgment Motion") in the Wrongful Death Action.  The Defendant Tobacco Companies sought summary judgment on the ground that the Wrongful Death Action was property of Mr. Muhlig's bankruptcy estate and, as such, Mr. Muhlig lacked standing to pursue the Wrongful Death Action.  Significantly, and probably deliberately, the Defendant Tobacco Companies did not serve the State Court Summary Judgment Motion on the Trustee, even though they were obviously aware of the bankruptcy case given that they asserted that the claim was property of the bankruptcy estate.

On May 8, 2012, the Miami-Dade County Circuit Court (the "State Circuit Court") entered a Final Summary Judgment [Exhibit C to DE #39] (the "State Court Judgment") granting final summary judgment in favor of the Defendant Tobacco Companies on the sole ground that Mr. Muhlig lacked standing to pursue the Wrongful Death Action.  On June 5, 2012, Mr. Muhlig appealed the State Court Judgment to the Florida District Court of Appeal for the Third Circuit (the "State Court of Appeal"), appellate Case No. 3D12-1497.

### D.    The Trustee's Discovery of the Wrongful Death Action and Subsequent Litigation

According to the Trustee's Motion for Contempt and for Sanctions Against R.J. Reynolds Tobacco Company; Philip Morris USA, Inc.; Lorillard Tobacco Company; Liggett Group, LLC; Vector Group Ltd. for Violation of the Automatic Stay [DE #39] (the "Trustee's Motion for Contempt and Sanctions"), the Trustee first learned that the State Circuit Court had entered the State Court Judgment on or about June 11, 2012.  Prior to entry of the State Court Judgment, on or about February 13, 2012, an agent of Austin Carr, Esquire, Mr. Muhlig's counsel in the

4

Wrongful Death Action, contacted the Trustee to inform him of the existence of the Wrongful Death Action.  However, the Trustee asserts that, at that time, he was not apprised of the then-pending State Court Summary Judgment Motion.  The Trustee further asserts that, at that time, he requested copies of pleadings and documents relating to the Wrongful Death Action as well as information with respect to Mr. Muhlig's potential recovery, but that he was not provided with a copy of the State Court Complaint until April 25, 2012.  Presumably, the Trustee could have reviewed the docket in the Wrongful Death Action and learned about the pending Summary Judgment Motion.  However, the Trustee's failure to do so does not excuse the Defendant Tobacco Companies' decision not to serve the Trustee nor affect the Court's conclusion that the State Court Judgment was obtained in violation of the automatic stay.

On June 14, 2012, several months after learning of the existence of the Wrongful Death Action and approximately three days after learning that the State Circuit Court had entered the State Court Judgment, the Trustee filed Joel L. Tabas, Trustee's *Ex Parte* Motion to Reopen Case to Administer Undisclosed Asset and Defer Payment of Filing Fee [DE #22] (the "Motion to Reopen"), which sought entry of an Order reopening the Debtors' Chapter 7 case to administer the unscheduled Wrongful Death Action.  On June 16, 2012, the Court entered its Order Granting [the Motion to Reopen] [DE #24].

On July 17, 2012, the Trustee filed papers in Mr. Muhlig's appeal pending before the State Court of Appeal.  Specifically, the Trustee sought to substitute in as the proper party plaintiff in the Wrongful Death Action by filing the Bankruptcy Trustee's Motion (1) for Substitution as Proper Party Plaintiff/Appellant as to the Survivor Rolando Muhlig's Claims in this Wrongful Death Action, (2) Inclusion as an Administrator Ad Litem as to this Wrongful

5

Death Action, Along with Roland Muhlig as Continuing Personal Representative and (3) for (I) Stay of Appeal and (II) Relinquishment of Jurisdiction for Same [Exhibit C to DE #50] (the "Trustee's Motion for Substitution").

On October 2, 2012, the State Court of Appeal entered an Order [Exhibit D to DE #50] (the "Order Relinquishing Jurisdiction") relinquishing jurisdiction to the State Circuit Court for a period of forty-five (45) days and requiring the State Circuit Court to determine the issues raised by the Trustee's Motion for Substitution.  The Trustee and the Defendant Tobacco Companies subsequently filed pleadings with the State Circuit Court, arguing their positions with respect to the validity and enforceability of the State Court Judgment and to the propriety of the Trustee's Motion for Substitution.  In its papers opposing the Trustee's Motion for Substitution, the Defendant Tobacco Companies reveal that their true intent was not to simply defend a claim brought by the Debtor due to lack of standing, but rather to extinguish a potentially valuable claim of this bankruptcy estate without ever having to defend the merits of the claim.

Specifically, on November 9, 2012, they filed Defendants' Opposition to Plaintiff/Appellant's Motion to Adjudge the Bankruptcy Trustee's Motion for Substitution, Inclusion, and Rule 1.540 Relief [Exhibit E to DE #50] (the "Defendants' Opposition").  The Defendant Tobacco Companies argue that the State Circuit Court should determine whether the Trustee can establish grounds to set aside the State Court Judgment under Rule 1.540 of the Florida Rules of Civil Procedure before considering whether to allow the Trustee to substitute in as plaintiff.  Defendants' Opposition at p. 2.  The Defendant Tobacco Companies then proceed to argue that the Trustee has not set forth colorable claims for Rule 1.540 relief.  Id. at p. 3.

In effect, the Defendant Tobacco Companies are attempting to hold the Trustee to the

6

standard that a party would have to meet in order to set aside the State Court Judgment, despite

the fact that the Trustee did not participate in the litigation of the Wrongful Death Action prior to

entry of the State Court Judgment and was not provided with notice of the Defendant Tobacco

Companies' State Court Summary Judgment Motion.  As noted, the Defendant Tobacco

Companies are opposing the Trustee's efforts to set aside the State Court Judgment, and, of

course, if the Trustee is unable to set aside the State Court Judgment, the Defendant Tobacco

Companies will argue that the statute of limitations will bar the Trustee from filing a new

complaint.[3]  Therefore, it is clear that the Defendant Tobacco Companies are attempting to utilize

the State Court Judgment to extinguish the bankruptcy estate's unquestionable right to pursue the

Wrongful Death Action.

### E.    The Trustee's Battle to Pursue the Wrongful Death Action

On November 14, 2012, the Trustee filed the Trustee's Motion for Contempt and

Sanctions, which sought entry of an Order (1) finding the Defendant Tobacco Companies to have

willfully violated the automatic stay by pursuing the State Court Summary Judgment Motion

without attempting to contact the Trustee, and (2) awarding the Trustee sanctions in the form of

compensatory and punitive damages as a consequence for the Defendant Tobacco Companies'

alleged willful violation of the automatic stay.

On December 11, 2012, R.J. Reynolds Tobacco Company, Philip Morris USA Inc., and

Lorillard Tobacco Company filed the Response in Opposition to [the Trustee's Motion for

---

[3] As counsel for the Defendant Tobacco Companies acknowledged at the March 20, 2013 hearing on the
pending matters, "if the [T]rustee was to institute a new lawsuit, there would be an argument that under the statute of
limitations that's time-barred."  Transcript of March 20, 2013 Hearing [DE #62] (hereinafter, "Mar. 20th Hr'g Tr.")
at 31:6-9.

Contempt and Sanctions] [DE #42] (the "Response to Trustee's Motion for Contempt and Sanctions").  Liggett Group LLC and Vector Group Ltd. filed a joinder [DE #43] to the Response to Trustee's Motion for Contempt and Sanctions on the same day.  In the Response to Trustee's Motion for Contempt and Sanctions, the Defendant Tobacco Companies argued that the Trustee's Motion for Contempt and Sanctions should be denied because (1) the Defendant Tobacco Companies' actions in seeking dismissal of the Wrongful Death Action were merely defensive and did not violate the automatic stay, (2) the Defendant Tobacco Companies were under no duty to advise the Trustee as to the existence of the Wrongful Death Action or their filing of the State Court Summary Judgment Motion, and (3) the Trustee failed to act in a timely and diligent manner in seeking to intervene prior to the State Circuit Court's entry of the State Court Judgment.

On January 18, 2013, following a hearing on the Trustee's Motion for Contempt and Sanctions, the Court entered its Order Denying [the Trustee's Motion for Contempt and Sanctions] [DE #46] (the "Order Denying Contempt and Sanctions").  In the Order Denying Contempt and Sanctions, the Court found that (1) no violation of the automatic stay had occurred because the Chapter 7 case was closed at the time that the Defendant Tobacco Companies' allegedly violative actions occurred, and (2) the Defendant Tobacco Companies did not violate the automatic stay by defending against the claims asserted in the Wrongful Death Action.  Based on these findings, the Court granted relief from stay to the extent necessary to allow the parties to continue to assert and defend their positions in the Wrongful Death Action.

### F.    The Pending Contested Matters

On February 1, 2013, the Trustee filed the Trustee's Motion for Rehearing or

8

Reconsideration of Order Denying Motion for Contempt and for Sanctions Against R.J.

Reynolds Tobacco Company; Philip Morris USA, Inc.; Lorillard Tobacco Company; Liggett

Group, LLC; Vector Group Ltd. for Violation of the Automatic Stay [DE #50] (the "Trustee's

Motion to Reconsider") and, on February 8, 2013, the Trustee filed the Trustee's Motion for

Order (1) Determining Unscheduled Prepetition Suit is Unabandoned, Unadministered Property

of the Estate and (2) Declaring State Court Judgment Void *Ab Initio* as Being Entered in

Violation of Automatic Stay [DE #54] (the "Trustee's Motion to Determine Status of Property"

and, together with the Trustee's Motion to Reconsider, the "Trustee's Motions").  The Trustee's

Motions seek, among other things, entry of an Order (1) vacating the Order Denying Contempt

and Sanctions, and (2) determining the State Court Judgment to be void *ab initio* as obtained in

violation of the automatic stay.

      R.J. Reynolds Tobacco Company, Philip Morris USA Inc., and Lorillard Tobacco

Company filed the Response in Opposition to [the Trustee's Motion to Reconsider] [DE #51]

(the "Response to the Motion to Reconsider") on February 5, 2013 and the Response in

Opposition to [the Trustee's Motion to Determine Status of Property] [DE #58] (the "Response

to the Motion to Determine Status of Property" and, together with the Response to the Motion to

Reconsider, the "Defendants' Responses") on February 28, 2013.  Liggett Group LLC and Vector

Group Ltd. filed joinders [DE #52 and DE #59] to each of the Defendants' Responses.  In the

Defendants' Responses, the Defendant Tobacco Companies argue that (1) the Trustee's Motion

to Reconsider is not the proper procedural vehicle by which to seek reconsideration of the issues

resolved by the Order Denying Contempt and Sanctions, and (2) that, in its Order Denying

Contempt and Sanctions, the Court correctly ruled that the Defendant Tobacco Companies did

not violate the automatic stay.  The Trustee subsequently filed replies [DE #53 and DE #60] to the Defendants' Responses.

On March 20, 2013, the Court conducted a hearing on the Trustee's Motions.  At the hearing, the Court acknowledged that in its Order Denying Contempt and Sanctions, the Court overlooked section 362(c)(1) of the Bankruptcy Code in concluding, in error, that the automatic stay terminated when the bankruptcy case was closed.  Mar. 20th Hr'g Tr. at 6:3-9.  Section 362(c)(1) provides that acts against property of the estate are stayed "until such property is no longer property of the estate[.]"  The Defendant Tobacco Companies conceded at the hearing that the Wrongful Death Action remained property of the estate so that the automatic stay was in effect under section 362(c)(1) when the State Circuit Court entered the State Court Judgment.  Thus, as clarified at the March 20th hearing, the only issue is whether the stay was violated, not whether it was in effect.  Mar. 20th Hr'g Tr. at 6:19-22.  The Trustee argues that the Defendant Tobacco Companies violated section 362(a)(3) by seeking the State Court Judgment because it was an act "to exercise control over property of the estate[.]"  The Defendant Tobacco Companies disagree, arguing that they merely took defensive action and that defensive actions are not subject to the automatic stay.

Following the hearing, on March 29, 2013, the Court entered its Order Reserving Ruling [DE #61].  In the Order Reserving Ruling, the Court advised that because entry of an Order granting the Trustee's Motions would result in the State Court Judgment being partially voided, the State Circuit Court should consider abating proceedings until the Court ruled on the Trustee's Motions.  Following the Court's entry of the Order Reserving Ruling, litigation in the Wrongful Death Action appears to have ceased.  On May 2, 2013, the State Court of Appeal, upon receipt

10

of a status report filed by the Trustee, entered an Order extending the term of its prior Order

Relinquishing Jurisdiction to the State Circuit Court for an additional ninety (90) days.

## DISCUSSION

### A.    *The Trustee's Motion to Reconsider is an Appropriate Procedural Vehicle*

In relevant part, Rule 60(b) of the Federal Rules of Civil Procedure (the "Federal Rules"),

as made applicable in this Chapter 7 case by Rule 9024 of the Federal Rules of Bankruptcy

Procedure, provides that "the court may relieve a party or its legal representative from a final

judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect[.]"

Fed. R. Civ. P. 60(b)(1).  As the Trustee correctly noted, the Eleventh Circuit has found that Rule

60(b) relief is available to correct mistakes of law as well as mistakes of fact.  Nisson v. Lundy,

975 F.2d 802, 806 (11th Cir. 1992) (The "broad language [of Rule 60(b)(1)] seems to include

mistakes of fact as well as mistakes of law[.]"); see also In re Bryan Road, LLC, 389 B.R. 297,

300 (Bankr. S.D. Fla. 2008) (Olson, J.) ("Substantive mistakes made by federal judges may be

cured through reconsideration under Rule 60(b)(1). . . . These include mistakes of fact as well as

mistakes of law[.]").  In order to demonstrate entitlement to relief under Rule 60(b)(1) on the

ground of mistake of law, the movant must establish that the court's prior order involved "a plain

misconstruction of the law and the erroneous application of that law to the facts[.]"  Nisson, 975

F.2d at 806 (internal quotation omitted); see also In re Bryan Road, LLC, 389 B.R. at 300 (same).

In this case, the Court committed a mistake of law in the Order Denying Contempt and Sanctions

when it found that "there cannot be a violation of the automatic stay for actions . . . taken after

the bankruptcy case was closed."  See Order Denying Contempt and Sanctions at ¶ 2.  As

described earlier, because the Wrongful Death Action was and still is property of the estate under

11

section 362(c)(1), the automatic stay remains in effect with respect to the Wrongful Death Action.  The Defendant Tobacco Companies concede this point.

Thus, because this Court concluded incorrectly that the automatic stay did not apply after Mr. Muhlig's bankruptcy case was closed, the Order Denying Contempt and Sanctions was premised on a mistake of law.  Therefore, the Order Denying Contempt and Sanctions is an appropriate subject for reconsideration pursuant to Rule 60(b)(1) of the Federal Rules.  Further, the Court rejects the Defendant Tobacco Companies' argument that such mistake must be remedied by appeal.  As the Eleventh Circuit and other courts have found, Rule 60(b)(1) relief is available where, as in the instant case, a court's prior ruling involved a plain misconstruction of the law and the erroneous application of that law to the facts.  See, e.g., Nisson, 975 F.2d at 806; In re Bryan Road, LLC, 389 B.R. at 300.

Moreover, although the Defendant Tobacco Companies argue that relief under Rule 60(b)(1) is unavailable because the Trustee could and should have previously argued that the automatic stay remained in effect after the bankruptcy case was closed, a review of the Trustee's Motion for Contempt and Sanctions evidences that the Trustee did, in fact, make such argument. Therefore, to the extent the Defendant Tobacco Companies argue that the Trustee has waived his right to raise this legal issue, the Court rejects the Defendant Tobacco Companies' argument. Finally, because of its error in ruling that the automatic stay did not remain in effect following the closing of the bankruptcy case, the Court also acknowledges that it failed to give sufficient consideration to the Trustee's argument that the Defendant Tobacco Companies' actions in seeking entry and enforcement of the State Court Judgment violated the automatic stay.  For this reason, the Court finds it appropriate to reconsider that issue as well.

12

**B.**     ***The Defendant Tobacco Companies' Actions in Seeking Entry and
Enforcement of the State Court Judgment Violated the Automatic Stay***

As discussed above, the Trustee asserts that the Defendant Tobacco Companies violated
the automatic stay by seeking summary judgment against Mr. Muhlig in the Wrongful Death
Action without notifying the Trustee and by effectively seeking to enforce the State Court
Judgment against the Trustee.  As a remedy for the alleged stay violation, the Trustee seeks entry
of an Order, among other things, determining the State Court Judgment to be void *ab initio* as
being obtained in violation of the automatic stay.  The Defendant Tobacco Companies argue that
their actions were merely defensive in nature and, therefore, did not amount to a violation of the
automatic stay.  Moreover, the Defendant Tobacco Companies assert that they were under no
obligation to inform the Trustee as to either the existence of the Wrongful Death Action or their
filing of the State Court Summary Judgment Motion.

The parties agree that the statutory focus is on the application of section 362(a)(3) of the
Bankruptcy Code.  Specifically, the pertinent question is: Did the Defendant Tobacco
Companies' actions in seeking entry and enforcement of the State Court Judgment violate section
362(a)(3)'s prohibition against acts to "obtain possession of property of the estate or of property
from the estate" or to "exercise control over property of the estate[?]"  Relying on a narrow
interpretation of section 362(a)(3), the Defendant Tobacco Companies assert that a defendant's
efforts to obtain dismissal of a debtor's prepetition lawsuit do not constitute an act to obtain
possession of or to exercise control over such lawsuit.  The Court disagrees.  The automatic stay
provided by section 362(a)(3) is not so narrow.

The leading bankruptcy treatise has explained that "[t]he stay of section 362 is extremely

13

broad in scope and . . . applies to almost any type of formal or informal action taken against the debtor or the property of the estate." 3 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 362.03 (16th rev. ed. 2013); see also Snavely v. Miller (In re Miller), 397 F.3d 726, 730-31 (9th Cir. 2005) (same); Knowles v. Bayview Loan Servicing, LLC (In re Knowles), 442 B.R. 150, 160 (B.A.P. 1st Cir. 2011) (same); In re Harding, 423 B.R. 568, 576 (Bankr. S.D. Fla. 2010) (Olsen, J.) (same).  Significantly, one of the primary purposes of the automatic stay is to preserve the assets of the estate for the benefit of all creditors.  See Official Comm. of Unsecured Creditors v. PSS Steamship Co., Inc. (In re Prudential Lines Inc.), 928 F.2d 565, 573 (2d Cir. 1991) ("One of the principal purposes of the automatic stay is to preserve the property of the debtor's estate for the benefit of all the creditors."); Boyer v. US Bank (In re Am. Lodging, Inc.), 397 B.R. 906, 909 (Bankr. N.D. Ind. 2008) ("The purpose of the automatic stay is to protect the debtor, creditors and the bankruptcy estate, to preserve the status quo, prevent the estate from being dismembered, and thereby maximize the ultimate distribution to all creditors.").  In the instant case, it is undisputed that the State Court Judgment, if enforceable against the Trustee, will have the effect of extinguishing a potentially valuable asset to the detriment of the estate's creditors.

The Defendant Tobacco Companies rely on cases holding that defensive actions do not violate the automatic stay.  Indeed, a number of cases draw a distinction between "offensive" and "defensive" actions taken by non-debtor defendants in determining whether stay violations have occurred.  As explained in Justus v. Financial News Network Inc. (In re Financial News Network Inc.), 158 B.R. 570 (S.D.N.Y. 1993):

> The purpose behind . . . section 362 also indicates that the distinction

14

> between "offensive" and "defensive" actions of a party which affect
> the debtor's estate is an appropriate one to draw in determining the
> applicability of an automatic stay.  The principal policy behind the
> automatic stay of section 362 is to protect the bankrupt's estate from
> being eaten away by creditors' lawsuits and seizures of property
> before the trustee has had a chance to marshal the estate's assets and
> distribute them equitably among the creditors.

Id. at 573 (internal quotation marks and citation omitted).  The Court agrees generally with this statement of law, but disagrees that it applies here.

As discussed in greater length below, there are two types of defensive actions that defendants may take in non-bankruptcy litigation involving estate claims that would not violate the automatic stay.  First, as happened in several cases cited by the Defendant Tobacco Companies, defendants may seek dismissal or summary judgment on claims brought by a party with standing under the Bankruptcy Code to assert estate claims.  This includes claims by debtors in Chapter 11, some claims by debtors in Chapter 13, and claims by Chapter 7 debtors that have been abandoned by the trustee.  Second, under a fact pattern similar to the instant case, it would be permissible to seek dismissal or summary judgment on a claim brought by a debtor who lacks standing provided that the motion is served on the bankruptcy trustee and the defendants are seeking dismissal of the party lacking standing without prejudice to the bankruptcy trustee substituting in as the proper party in interest.

What cannot be done without violating the stay is what the Defendant Tobacco Companies did here.  Ostensibly, they sought only to take "defensive" action against the Debtor who, all parties agree, lacked standing to prosecute the Wrongful Death Action.  However, the facts of this case belie the assertion that this was merely an innocent defensive action.  Rather, the Defendant Tobacco Companies sought and obtained summary judgment on the Wrongful

Death Action against the Debtor without serving the Trustee with the State Court Summary Judgment Motion or notice of the hearing on the motion, even though they knew that the Trustee was the true party-in-interest.  Moreover, the Defendant Tobacco Companies are now opposing the Trustee's Motion for Substitution, seeking to hold the Trustee to the higher burden of setting aside the State Court Judgment as if he was a party to the proceeding.  In short, the Defendant Tobacco Companies are seeking to enforce the State Court Judgment against the Trustee.

When taken cumulatively, the actions of the Defendant Tobacco Companies, if successful, will have the effect of extinguishing the Wrongful Death Action to the detriment of the estate's creditors, without the participation of the Trustee.  Although the Defendant Tobacco Companies were defendants in the Wrongful Death Action, their actions were more than merely "defensive" in nature.  Indeed, the facts of this case suggest that the Defendant Tobacco Companies likely engaged in a calculated litigation strategy designed to extinguish the Wrongful Death Action on procedural grounds without the participation of the Trustee as the beneficial holder of the claim, rather than risking litigation on the merits.

If their intent was benign and they only wanted to dismiss claims brought by an improper party, the Defendant Tobacco Companies could have simply filed a motion to dismiss the claims brought by Mr. Muhlig without prejudice to the Trustee substituting in as party plaintiff.  Had that been done, on notice to the Trustee, it is very likely that the Wrongful Death Action would have proceeded with the proper plaintiff in place nearly two years ago, thereby avoiding this costly and protracted litigation over matters unrelated to the merits of the claims.[4]

---

[4] Counsel for the Defendant Tobacco Companies virtually conceded that this would have been the appropriate result when, at the March 20, 2013 hearing, counsel said "[n]ow frankly, what has happened in most instances where we have raised this issue is that the trustee gets notified immediately and intervenes immediately . . .

16

With these distinctions about what constitutes a "defensive" action in mind, the Court will now review the caselaw cited by the parties.  In a number of the cases cited by the Defendant Tobacco Companies, the debtors had standing under either Chapter 11 or Chapter 13 to pursue prepetition causes of action on behalf of the bankruptcy estates and, in fact, actively participated in the post-petition litigation of such causes of action.  See, e.g., Crosby v. Monroe Cnty., 394 F.3d 1328, 1331 n.2 (11th Cir. 2004) (concluding that the automatic stay did not preclude the court from considering the appeal of an order granting summary judgment against the plaintiff, a debtor under Chapter 13, where the plaintiff/debtor "retain[ed] standing to pursue legal claims on behalf of the [bankruptcy] estate"); Bryner v. LeBaron (In re Bryner), 425 B.R. 601, 608 (B.A.P. 10th Cir. 2010) (holding that the state court defendants' motion to vacate a prepetition writ of garnishment obtained by the plaintiff, a Chapter 13 debtor, did not violate the automatic stay where the plaintiff/debtor had prosecuted and obtained a second writ of garnishment post-petition and commenced an adversary proceeding alleging stay violations against the state court defendants); Riviera Drilling & Exploration Co. v. Gunnison Energy Corp., 412 F. App'x 89, 95 (10th Cir. 2011) (finding that the district court's dismissal of the complaint of the plaintiff, a Chapter 11 debtor, did not violate the automatic stay where the debtor remained active in litigating against the defendant after filing for bankruptcy).

In all of these cases, the actions by the defendants did not violate the automatic stay because the defendants were defending claims by Chapter 11 or Chapter 13 debtors with authority to prosecute the claims on behalf of the estates.  The Court agrees that the automatic stay does not prevent a defendant from seeking to defend itself in such litigation, including by

---

[a]nd then the case is reopened and the trustee substitutes in."  Mar. 20th Hr'g Tr. at 37:17-23.

seeking dispositive relief against the plaintiff/debtor. That is not the case here. All of the parties agree that Mr. Muhlig did not have standing to prosecute the bankruptcy estate claims asserted in the Wrongful Death Action.

The Defendant Tobacco Companies rely heavily on the Seventh Circuit's decision in Martin-Trigona v. Champion Federal Savings & Loan Association, 892 F.2d 575 (7th Cir. 1989). Although that case did involve a lawsuit brought by a Chapter 7 debtor, the case is not on point because allegations of a stay violation were brought by the debtor long after the trustee had abandoned the claim. No interests of the estate were at issue. In Martin-Trigona, the plaintiff in a state court litigation became a Chapter 7 debtor during the pendency of the suit. Id. at 576. After the bankruptcy case started, the defendants in the state court action successfully moved for dismissal of the suit. Id. at 576-77. Importantly, before the plaintiff/debtor filed an appeal of the dismissal order, the bankruptcy trustee abandoned the interest of the bankruptcy estate in the state court action. Id. at 577. The appeal of the dismissal order was subsequently dismissed itself for failure to prosecute. Id. Approximately six or seven years later, the plaintiff/debtor filed an independent non-bankruptcy action for damages against the defendants in the dismissed state court litigation, alleging, among other things, that they had violated the automatic stay. Id. The Seventh Circuit held that the automatic stay was inapplicable because the prepetition suit was initiated by the plaintiff/debtor and that the defendants did not violate the automatic stay by seeking its dismissal. Id.

As noted earlier, a significant difference between Martin-Trigona and the instant case is that the bankruptcy trustee in Martin-Trigona abandoned the estate's interest in the prepetition cause of action during the pendency of the lawsuit, whereas the Trustee in the instant case did

18

not.  This is important because where a Chapter 7 trustee abandons his or her interest in an estate

cause of action, the right to prosecute the cause of action reverts back to the debtor.  E.g.,

Dewsnup v. Timm (In re Dewsnup), 908 F.2d 588, 590 (10th Cir. 1990) ("Following

abandonment, whoever had the possessory right to the property at the filing of bankruptcy again

reacquires that right.") (internal quotation marks and citation omitted).

        The Defendant Tobacco Companies also rely heavily on the decision of the Ninth Circuit

Bankruptcy Appellate Panel in Gordon v. Whitmore (In re Merrick), 175 B.R. 333 (B.A.P. 9th

1994).  In Merrick, the debtor, prior to filing for Chapter 7 relief, had initiated a state court action

against several defendants.  Merrick, 175 B.R. at 334.  After the defendants in the state court

action filed motions for summary judgment, but before the hearing on the motions, the debtor

filed a bankruptcy petition, listing the lawsuit as an asset in her schedules.  Id.  The debtor's state

court counsel subsequently filed a notice of bankruptcy in the state court action and moved to

take the hearing on the defendants' summary judgment motions off of the state court's calendar.

Id.  The state court, however, did not take the matter off its calendar and the hearing on the

defendants' motions for summary judgment went forward.  Id. at 334-35.  Although the Chapter

7 trustee received notice of the hearing, he did not attend and the defendants' motions for

summary judgment were granted.  Id. at 335.  In response, the Chapter 7 trustee commenced

adversary proceedings against the defendants alleging a willful violation of the automatic stay.

Id.  The bankruptcy court determined that the defendants had violated the automatic stay, but the

Ninth Circuit Bankruptcy Appellate Panel reversed, finding that the automatic stay did not

prevent the defendants from continuing to defend themselves against the prepetition lawsuit and

that the defendants' actions in prosecuting their summary judgment motions did not violate

section 362(a)(1) or (a)(3) of the Bankruptcy Code.  Id. at 336.

This Court does not find Merrick to be persuasive authority.  First, some key facts are different, most notably, the facts that the state court lawsuit was listed in the debtor's bankruptcy schedules and that the trustee in Merrick had notice of the defendants' summary judgment motions.  Second, the court's analysis in Merrick does not distinguish between the defense of claims properly prosecuted on behalf of the bankruptcy estate and those brought by debtors lacking standing.  In fact, in discussing why the defendants' actions did not violate the automatic stay, the court stated that the primary objective of the automatic stay was "inapplicable to the *trustee's* offensive action[.]"  Id. at 336 (emphasis added).  Finally, the Merrick court relied heavily on Martin-Trigona, which, as discussed earlier, this Court finds inapplicable to the facts of the instant case.  See id. at 336-37.

The Trustee's argument that entry of the State Court Judgment violated the automatic stay is supported by a bankruptcy court decision of the Northern District of Illinois that is well-reasoned and factually very similar.  In re Enyedi, 371 B.R. 327 (Bankr. N.D. Ill. 2007).  In Enyedi, the Chapter 7 debtors failed to schedule a pending prepetition personal injury action on their schedules.  Enyedi, 371 B.R. at 329-30.  As a result, the Chapter 7 trustee filed a report of no assets in the case, stating that he believed that there were no assets in the estate to administer for the benefit of creditors.  Id. at 329.  The debtors were subsequently discharged and the bankruptcy case was closed.  Id.  Approximately six months after the bankruptcy case was closed, the debtors filed a motion to reopen the case to include the omitted prepetition personal injury action on their schedules.  Id. at 330.  The bankruptcy court entered orders reopening the case and re-appointing the Chapter 7 trustee.  Id. at 330-31.  Prior to the reopening of the

20

bankruptcy case, the defendants in the prepetition personal injury action moved for dismissal of the case on estoppel grounds due to the debtors' failure to schedule the lawsuit as an asset on their bankruptcy schedules.  Id. at 331.  At a hearing conducted approximately one month after the bankruptcy case was reopened, the state court entered an order dismissing the case with prejudice on the ground of judicial estoppel.  Id.  After the prepetition action was dismissed, the Chapter 7 trustee alleged that he was not provided with proper notice of the motion to dismiss and sought entry of an order in the reopened bankruptcy case determining that the state court's dismissal order was void *ab initio* as a violation of the automatic stay.  Id. at 332.

In considering the matter, the bankruptcy court noted that the trustee had the exclusive right to pursue the prepetition cause of action on behalf of the estate.  Id.  Additionally, the bankruptcy court found that the prepetition personal injury claim remained property of the estate even after the bankruptcy case was closed and that the automatic stay remained in effect with respect to the unabandoned, unadministered cause of action.  Id. at 333-34.  The court then held that the actions of the defendants is seeking dismissal of the prepetition lawsuit "violated section 362(a)(3) of the Bankruptcy Code."  Id. at 334.  Based on this finding, the bankruptcy court determined that the state court order dismissing the prepetition personal injury claim was void *ab initio*.  Id.  The Court agrees with the reasoning and decision in Enyedi.  A defendant's efforts in seeking dismissal of estate actions brought by debtors lacking standing violate the automatic stay when done without notice to the bankruptcy trustee.

In sum, the Court finds that in light of the expansive definition of the automatic stay and its purpose of preserving estate assets for the benefit of the estate's creditors, the Defendant Tobacco Companies' actions in prosecuting the State Court Summary Judgment Motion without

notice to the Trustee and attempting to enforce the State Court Judgment against the Trustee constitute an act "to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" within the meaning of section 362(a)(3) of the Bankruptcy Code.  Because the State Court Judgment was obtained in violation of the automatic stay, the State Court Judgment is void *ab initio*.  See, e.g., U.S. v. White, 466 F.3d 1241, 1244 (11th Cir. 2006) ("It is the law of this Circuit that '[a]ctions taken in violation of the automatic stay are void and without effect.'") (quoting Borg-Warner Acceptance Corp. v. Hall, 685 F.2d 1306, 1308 (11th Cir. 1982)); Enyedi, 371 B.R. at 334 (determining state court order dismissing prepetition personal injury claim that was obtained after the plaintiff/debtor filed for Chapter 7 relief to be void *ab initio*).

### SCOPE OF RELIEF

As described earlier, Mr. Muhlig filed the Wrongful Death Action in two capacities–in his personal capacity and as the representative of his mother's estate.  The State Court Judgment dismissed both the Personal Claims and the Probate Estate Claims based on lack of standing, but only the Personal Claims are property of the estate.  The Court discussed the appropriate scope of relief at the March 20, 2013 hearing.  The Court inquired whether "the relief would only void the summary judgment and final judgment as to the [D]ebtor's claims as sole survivor, not the [D]ebtor's prosecution of claims on behalf of the probate estate, right?"  Mar. 20th Hr'g Tr. at 22:12-16.  The Trustee responded, "I believe that's correct, Judge."  Mar. 20th Hr'g Tr. at 22:18.

This Court is concerned about the procedural complications that may arise in the Wrongful Death Action by entry of an Order voiding the State Court Judgment only as to the Personal Claims.  Nevertheless, that is the appropriate scope of relief because the Probate Estate

Claims are not property of the bankruptcy estate and this Court cannot act with respect to those claims on motions filed by the Trustee.  With the scope of the bankruptcy estate's interest clarified in this Opinion, the Trustee will be allowed to prosecute the Personal Claims and, presumably, Mr. Muhlig will be allowed to prosecute the Probate Estate Claims for which he has standing, whether this relief is granted by the State Circuit Court or the State Court of Appeal. This Court cannot dictate the results in the state court system, but does hope and expect that those courts will issue orders consistent with this Court's findings and conclusions.

Based on the foregoing, the Court finds as follows:

A.     The Personal Claims brought by Mr. Muhlig in the Wrongful Death Action are unabandoned, unadministered assets of Mr. Muhlig's bankruptcy estate.  The Trustee has exclusive standing to pursue such claims for the benefit of the bankruptcy estate's creditors.

B.     The Probate Estate Claims brought by Mr. Muhlig as personal representative of his mother's estate are not property of the bankruptcy estate.  Mr. Muhlig, not the Trustee, has standing to prosecute those claims.

C.     The automatic stay remained in effect after this bankruptcy case was closed with respect to the Personal Claims in the Wrongful Death Action, including at the time the Defendant Tobacco Companies sought entry of the State Court Judgment and at the time the State Court Judgment was entered.  The automatic stay continues to remain in effect with respect to the Personal Claims in the Wrongful Death Action.

D.     The Defendant Tobacco Companies' actions in seeking entry and enforcement of the State Court Judgment violated the automatic stay set forth in 11 U.S.C. § 362(a)(3).

Therefore, it is --

**ORDERED** as follows:

1.      The Trustee's Motion to Reconsider is granted in part and the Court's Order Denying Contempt and Sanctions is vacated.

2.      The Trustee's Motion to Determine Status of Property is granted.

3.      The Trustee's Motion for Contempt and Sanctions is granted in part.

4.      The State Circuit Court's State Court Judgment is void *ab initio* as obtained in violation of the automatic stay to the extent it dismissed the Personal Claims in the Wrongful Death Action as prosecuted by Mr. Muhlig in his personal capacity.

5.      The Trustee's Motion to Reconsider and the Trustee's Motion for Contempt and Sanctions sought entry of an Order holding the Defendant Tobacco Companies in contempt for violating the automatic stay and imposing sanctions against the Defendant Tobacco Companies for such stay violation.  The Trustee's Motion to Reconsider and the Trustee's Motion for Contempt and Sanctions are denied to the extent they seek a finding of contempt or an award of sanctions against the Defendant Tobacco Companies.

###

Copies Furnished To:

Benjamin Reid, Esq.
CARLTON FIELDS, P.A.
100 S.E. 2nd Street, Suite 4200
Miami, FL 33131
(Attorney for Defendant, R.J. Reynolds Tobacco Co.)

Stephanie E. Parker, Esq.
JONES DAY
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309
(Attorney for Defendant, R.J. Reynolds Tobacco Co.)

24

Stephen N. Zack, Esq.
BOIES, SCHILLER & FLEXNER
100 S.E. Second Street, Suite 2800
Miami, FL 33131
(Attorney for Defendant, Phillip Morris USA)

Joel L. Tabas, Esq.
TABAS, FREEDMAN, SOLOFF, BROWN & RIGALI, P.A.
14 N.E. First Avenue, Penthouse
Miami, FL 33132
(Attorney for Joel L. Tabas, Trustee)

Kelley Anne Luther, Esq.
KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
1441 Brickell Avenue, Suite 1420
Miami, FL 33131
(Attorney for Defendants, Liggett Group, LLC
and Vector Group, Ltd.)

Austin Carr, Esq.
AUSTIN CARR LAW OFFICE
371 North Royal Poinciana Blvd.
Miami Springs, FL 33166
(Attorney for Rolando Muhlig)

Dorothy F. Easley, Esq.
EASLEY APPELLATE PRACTICE, P.L.L.C.
1200 Brickell Avenue, Suite 1950
Miami, FL 33131
(Appellate counsel for Trustee and Rolando Muhlig)

John B. Hutton, Esq.
GREENBERG TRAURIG, P.A.
333 Avenue of the Americas
Miami, FL 33131
(Attorney for Lorillard Tobacco Company)